UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RAMON J. FRANCIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:22-CV-664-CHB |
| EXECUTIVE BRANCH *et al.,* | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a civil action initiated by *pro se* Plaintiff Ramon J. Francis. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff initiated this action on a "Complaint for Employment Discrimination" form. [R. 1]. He names as Defendants "Executive Branch" and "Military Affairs." *Id.* at 2. However, Plaintiff did not check any of the federal statutes that apply to employment discrimination on the form. Instead, he checked the box marked "Other federal law" and wrote "Exhibit enabling: Liar/Leud/Lasvascious; Federal ID **enabling impersonation/theft**." *Id.* at 4.

In the "Statement of the Claim" section of the Complaint, he states *in toto*:

as violated nervous mass; by 'an' other identified tool/device to e.g. hammer bone, synapses unknown of structure from 2011 - current present, furthermore hosting terroristic influence talkative communication of 'my' nerves enabling reason spleen causes calories and preserves the food industry only few doctors who scientific the reason fact exists while sapien is to commit it to plaintiff and indiscrimination, though flee and evade is unlawful and will be opinionated; just synapses trespass incriminating reason.

>   hyperparticle attacks muscular system (anti) sensitivity to enzymic amorphous carbohydrate absorb (function)
>
>   fraud is Defendant by force

*Id*. at 6.  In the "Relief" section of the Complaint form, Plaintiff writes *in toto*:

>   By Magistration Order payment to account for controlled incompliance against uncontrolled psychosis to Plaintiff which comes from Defendant, adult respect to dignify irresponsibility; and Order a year utilization of this lawsuit government forms utilized about compliance of Defendant
>
>   Incompliance need by Magistration Order Payment from taxes of identity bond/held by relief of payment (x/$30,000,000,000,000 billion).
>
>   psychosis uncontrolled of behavior by doing the same hings woch contradict focal attentive need reobjections against abjudication utilized to navigate intellect same behavioral unneed; earns tax respect and dignity to fine Defrndant to criminal payment enabling psychosis as psychosis' endangered change of synapses habit/by practice enabled fine enabled by criminal payment to Plaintiff enabled practise of what Defendant endangers, fined to flee and evade punishment by life imprisonment

*Id*. at 7.

## II.

As stated, because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the

improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist." *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "a judge does not have to accept 'fantastic or delusional' factual allegations as true in [] complaints that are reviewed for frivolousness." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327–28).

### III.

Here, the Court finds that the Complaint contains no coherent factual allegations to support a legal theory upon which a valid federal claim may rest. Instead, Plaintiff's Complaint is comprised of exactly the type of "fantastic" and "delusional" factual allegations that warrant

dismissal for frivolousness. *See, e.g., Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015). Additionally, while the Complaint itself is typed and legible, "the words often do not form coherent sentences, nor do they convey clear thoughts." *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, *2 (W.D. Mich. June 23, 2020). Therefore, the Complaint must be dismissed as frivolous.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Even liberally construing the *pro se* Complaint, which the Court must do, the Court concludes that the allegations meet this standard as well.

### IV.

For the foregoing reasons, the instant action will be dismissed by separate Order.

This the 9th day of May, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.014